## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT L. BRITTON,
          Appellant,

     v.

OFFICE OF PERSONNEL
   MANAGEMENT,
          Agency,

    and

MARIA L. BRITTON,
          Intervenor

DOCKET NUMBER
AT-831M-21-0233-I-1

DATE: April 2, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Robert L. Britton, Lady Lake, Florida, pro se.

Michael Shipley, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed the appeal of the reconsideration decision issued by the Office of Personnel Management (OPM) as settled. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was a former Federal employee who retired on January 3, 1995, under the Civil Service Retirement System (CSRS). Initial Appeal File (IAF), Tab 13 at 12, Tab 1 at 2. After his retirement, the appellant and his wife divorced. IAF, Tab 13 at 100-12. The Final Dissolution of Marriage, entered on May 12, 2015, provided that the appellant would continue to fund a survivor annuity through a deduction of his monthly annuity with his former wife as the beneficiary. *Id.* at 100, 104-05. However, an amended order was entered on July 5, 2015, in which the former wife agreed to terminate her right to survivor benefits in exchange for monthly payments of $258.00 from the appellant.[2] *Id.* at 113, 117, 119. Accordingly, in July 2015, the appellant requested OPM terminate the survivor benefits, and as a result he began receiving an unreduced annuity. *Id.* at 15. He also started paying his former spouse $258.00 per month. *Id.* at 10-11.

On February 27, 2019, OPM issued an amended determination letter to the appellant, notifying him that it had erroneously terminated the survivor benefits and that it would be reducing his annuity and withholding money to recover the overpayment. *Id.* at 15. The appellant requested reconsideration and OPM responded, explaining that, per regulations, it should not have honored the amended court order because it was not the first order dividing marital property for the retiree and his spouse. *Id.* at 10-13. Thus, because it should not have terminated the survivor benefit, the appellant had been improperly receiving an unreduced annuity resulting in an overpayment. *Id.* at 14. While OPM confirmed

---

[2] The divorce decree also awarded the appellant's former spouse 50% of the appellant's CSRS plan accrued from December 28, 1990, to January 3, 1995, i.e., the date of their marriage to the date of the appellant's retirement.

the overpayment issue, it rescinded the initial decision because the overpayment calculation was incorrect. *Id.* On January 10, 2021, OPM issued an amended award letter, stating that it overpaid the appellant a total of $12,736.00 for the period between June 1, 2015, and July 30, 2020, and that it would be collecting the amount over 254 monthly installments of $50.00, with a final withholding of $36.00. *Id.* at 5.

The appellant filed a Board appeal challenging OPM's January 10, 2021 decision.[3] IAF, Tab 1. While the case was pending in front of the administrative judge, the agency filed a settlement agreement signed by both parties. IAF, Tab 16 at 4. Per the agreement, in exchange for OPM allowing the appellant to pay a total of $12,736.00 in 254 monthly installments of $50.00, with a final installment of $36.00, the appellant agreed to withdraw his appeal and waive his right to request either a full or partial waiver of overpayment. *Id.* The administrative judge approved the settlement and entered it into the record, dismissing the appeal as settled. IAF, Tab 17, Initial Decision (ID) at 1-2.

The appellant filed a petition for review arguing that OPM's decision failed to comply with the court order and that OPM had failed to identify the overpayment for 4 years or respond to his requests for information. Petition for Review (PFR) File, Tab 1 at 2-3. OPM responded in opposition, and the appellant replied, disputing the legitimacy of the settlement agreement and stating that he only signed the settlement agreement because OPM's representative threatened to invoke a "devastating penalty" against him if he did not sign the agreement and return it within 3 days. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

A settlement agreement is a contract, and the enforcement and interpretation of its terms is a question of contract law. *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988). Under the law of contracts, an

---

[3] The January 10, 2021 amended award letter notified the appellant of his right to appeal the decision to the Board. IAF, Tab 13 at 6.

enforceable contract does not exist unless it is based on a bargained-for exchange known as "consideration." *Pappas v. Office of Personnel Management*, 76 M.S.P.R. 152, 158 (1997), *aff'd*, 155 F.3d 565 (Fed. Cir. 1998). Consideration under the law of contracts, however, is not measured in dollars and cents alone. *Id.* A very small consideration can support an enforceable contract; convenience, avoidance of troublesome details and efforts, and forbearance to institute proceedings against the other party, for example, can be proper elements of consideration. *Id.*

In this appeal, the parties' settlement agreement is not an enforceable contract because there was no consideration given to the appellant. The terms of the settlement agreement are the exact terms contained within OPM's January 10, 2021 amended award letter, i.e., an overpayment totaling $12,736.00, to be paid in 254 monthly installments of $50.00 with a final installment of $36.00. *Compare* IAF, Tab 16 at 4, *with* Tab 13 at 5. The appellant derives nothing of value from the settlement, but agreed to withdraw his Board appeal and forego his right to a waiver of the overpayment or an adjustment to the collection schedule. IAF, Tab 16 at 4.

Because this settlement agreement is unsupported by consideration, it is unenforceable. Therefore, we order the settlement agreement to be set aside, and the parties to be restored to the status quo ante, releasing them from their duties under the agreement and returning them to the conditions prevailing at the time of the appeal.[4] *Brady v. Department of the Navy*, 95 M.S.P.R. 619, ¶ 11 (2004).

---

[4] During the processing of the appeal, the administrative judge determined that the appellant's former spouse had a right to be involved in the case, and issued an order notifying her of her right to intervene in the litigation. IAF, Tab 10 at 1-2. The order was sent to the former spouse via mail, but was returned to the Board as undeliverable. IAF, Tab 11. While the appellant offered to contact his former wife and provide her with the order, there is nothing in the record confirming he notified her, nor is there any pleading filed by the former wife indicating her interest in intervening. IAF, Tab 12 at 1. On remand, the administrative judge should direct both parties to provide their last known address for the former spouse, as well as any other addresses where she could be contacted, and should serve an appropriate order on her.

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.